UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Juan Salgado, #14039-035, ) | C/A No. 1:09-2351-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Mary M. Mitchell, Warden, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The *pro se* plaintiff, Juan Salgado, brings this action pursuant to 42 U.S.C. § 1983/*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). The plaintiff, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, complains that he is being forced by other inmates to join a Mexican gang. He seeks a transfer to another compound or institution as well as money damages.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the defendant's motion to dismiss[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

1

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on July 26, 2010, however, neither party has filed objections and the time limit to do so has expired. The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the court of any obligation to conduct a *de novo* review of the issues presented. *See Wells v. Shriners Hospital*, 109 F.3d 198, 199-200 (4th Cir.1997); *Thomas v. Arn*, 474 U.S. 140, 148-153 (1985).

The defendant has moved to dismiss this action on the basis that the plaintiff has not exhausted his administrative remedies. As the Magistrate Judge correctly notes, no unexhausted claims may be considered by this court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Because the court has not ruled on the merits of the plaintiff's constitutional claims, it will not consider defendant's argument of qualified immunity.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this defendant's motion to dismiss is granted.

IT IS SO ORDERED.

August 20, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge